**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **BACKGRID USA, INC., a California corporation,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**DIAMOND 2000 INTERNATIONAL CORP., a New York corporation d/b/a SAMER HALIMEH NEW YORK; and DOES 1 through 20,**<br><br>**Defendants.** | **Civil Action No.**<br>**25 Civ. 8102 (LGS)**<br><br>**ECF CASE**<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER AND NON-DISCLOSURE AGREEMENT** |
| **DIAMOND 2000 INTERNATIONAL CORP., a New York corporation d/b/a SAMER HALIMEH NEW YORK,**<br><br>**Third-Party Plaintiff,**<br><br>**-against-**<br><br>**D'ORAZIO & ASSOCIATES, INC. and GINNINA D'ORAZIO,**<br><br>**Third-Party Defendants.** | So Ordered.<br><br>Dated: September 16, 2026<br>New York, New York<br><br>LORNA G. SCHOFIELD<br>UNITED STATES DISTRICT JUDGE |

LORNA G. SCHOFIELD, U.S.D.J.:

WHEREAS, the parties to this action (collectively the "Parties", and each individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately-tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order—including, without limitation, the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, as well as all persons listed within Paragraph 7—will adhere to the following terms, upon pain of contempt:

1. With respect to information of any kind produced or disclosed in the course of discovery in this action ("Discovery Material") that a Party or person has designated as "**Confidential**" pursuant to this Order (collectively, "Confidential Discovery Material"), no Party or person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material (the "Producing Party") may designate as **Confidential** any Discovery Material for which it deems that the designated Discovery Material contains confidential and/or proprietary commercial information that is not generally available to the public.

3. With respect to the portions of any Discovery Material other than deposition transcripts and exhibits designated as Confidential under this Protective Order, the Producing Party or its counsel may designate such portion as Confidential by: (a) stamping or otherwise clearly marking the protected portion as "Confidential" in a manner that will not interfere with legibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter

will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Discovery Material designated as **<u>Confidential</u>** under paragraph 2 of this Order may be disclosed only to the following persons:

a. the Parties to this action, their insurers, and counsel to their insurers;

b. counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

c. this Court, including any appellate court, its support personnel, and court reporters;

d. as to any document, its author, its addressee, and any other person indicated on the

face of the document as having received a copy;

e. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

f. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a copy of the Non-Disclosure Agreement in the form annexed hereto as Exhibit A (the "NDA");

g. stenographers engaged to transcribe depositions conducted in connection with this action;

h. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a copy of the NDA; and

i. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(e)-(i) above, counsel must provide a copy of this Order to such person. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(f), (h) above, in addition to providing a copy of this Order to such person, they must sign a copy of the NDA, and return it to counsel. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with

particularity the grounds of the objection. Pursuant to Section III.C.3 of this Court's Individual Rules and Procedures for Civil Cases and Local Civil Rule 37.2, counsel for the affected Parties shall first confer in good faith, in person or by telephone, in an effort to resolve the dispute. If that process does not resolve the dispute, the objecting Party shall file on ECF a letter motion for a pre-motion discovery conference in accordance with Section III.A.1 of this Court's Individual Rules. Pending resolution of the dispute by this Court, the Discovery Material at issue will continue to be treated in accordance with its existing designation.

10. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

11. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

12. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

14. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

15. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

16. Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

SO STIPULATED AND AGREED.

ONE LLP

Dated: Newport Beach, California
September 15, 2026

By: /s/ Joanna Ardalan

Joanna Ardalan
jardalan@onellp.com
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
Tel.: (310) 437-8665
Fax: (310) 943-2085
Attorneys for Plaintiff/Counterclaim-Defendant BackGrid USA, Inc.

SITARAS & ASSOCIATES, PLLC

Dated: New York, New York
September 15, 2026

By: /s/ Richard S.K. Diorio

Richard S.K. Diorio
richard@gmgslaw.com
200 Liberty Street, 27th Floor
New York, NY 10281
Tel.: (212) 430-6410
Attorneys for Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff Diamond 2000 International Corp. d/b/a Samer Halimeh New York

LUMORA LAW

Dated: New York, New York
September 15, 2026

By: /s/ Jonathan M. Purow

Jonathan M. Purow
jon@lumora.law
1415 W. 22nd Street, Tower Floor
Oak Brook, IL 60523
Tel.: (347) 855-7876
Attorneys for Third-Party Defendants D'Orazio & Associates, Inc. and Ginnina D'Orazio

Dated: __________________

**SO ORDERED.**

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**BACKGRID USA, INC., a California corporation,**

**Plaintiff,**

**-against-**

**DIAMOND 2000 INTERNATIONAL CORP., a New York corporation d/b/a SAMER HALIMEH NEW YORK; and DOES 1 through 20,**

**Defendants.**

---

**DIAMOND 2000 INTERNATIONAL CORP., a New York corporation d/b/a SAMER HALIMEH NEW YORK,**

**Third-Party Plaintiff,**

**-against-**

**D'ORAZIO & ASSOCIATES, INC. and GINNINA D'ORAZIO,**

**Third-Party Defendants.**

---

**Civil Action No.**
**25 Civ. 8102 (LGS)**

**ECF CASE**

**NON-DISCLOSURE AGREEMENT**

I, ________________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

______________________________

Dated: